# NO. 12-14-00177-CR
# NO. 12-14-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRENT DURELL MUMPHREY,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Appellant, Trent Durell Mumphrey, pleaded guilty to the offenses of possession of a controlled substance (heroin) in an amount of one gram or more but less than four grams (appellate cause number 12-14-00177-CR), and possession of a firearm by a felon (appellate cause number 12-14-00178-CR). Appellant signed an acknowledgment of admonishments, a stipulation of evidence, a waiver of jury trial, and an agreement to stipulate testimony. Appellant, his counsel, and counsel for the State also signed an agreed punishment recommendation. The trial court certified, in part, in each case that "the defendant has waived the right of appeal." Appellant and his counsel signed the trial court certifications. *See* TEX. R. APP. P. 25.2(a)(2). The trial court's certifications are supported by the record. We also note, however, that these are plea bargain cases.

Texas Rule of Appellate Procedure 25.2(a)(2) limits a defendant's right to appeal in a plea bargain case when he pleads guilty and his punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2).

Under those circumstances, the defendant may appeal only (1) matters raised by written motion and ruled on before trial or (2) after getting the trial court's permission to appeal. ***Id.*** Here, the trial court sentenced Appellant in accordance with the agreed recommendation by the State. The trial court did not give Appellant permission to appeal, and the record does not reflect that Appellant filed any pretrial motions. Therefore, in addition to his waiver of his right to appeal in each case, Appellant has no right to appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2). Accordingly, we ***dismiss*** these appeals "without further action." *See **Chavez v. State***, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Opinion delivered September 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

**SEPTEMBER 30, 2014**

**NO. 12-14-00177-CR**
**NO. 12-14-00178-CR**

**TRENT DURELL MUMPHREY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.Nos. 114-0006-13 & 114-0007-13)

---

THESE CAUSES came to be heard on the appellate record, and the same being considered, it is the opinion of the court that this Court is without jurisdiction of the appeals, and that the appeals should be **DISMISSED WITHOUT FURTHER ACTION**.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that these appeals be, and the same are, hereby **DISMISSED WITHOUT FURTHER ACTION**; and that these decisions be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*